UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>       Petitioner,<br><br>   v.<br><br>KEN CLARK,<br><br>       Respondent. | Case No.  1:20-cv-01149-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS SECOND OR SUCCESSIVE<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner John Ray Dynes, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1]  ECF No. 1.  The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to a habeas corpus proceeding must examine the petition and order a response thereto unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions."  *Ross*

---

[1] Although petitioner submitted his petition on a 28 U.S.C. § 2241 form, a petition under § 2254 is the exclusive vehicle for the relief he seeks.  *See White v. Lambert*, 370 F.3d 1002, 1007-10 (9th Cir. 2004) ("[W]hen a [state] prisoner [seeks habeas relief] in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case.").

1

*v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  The court may dismiss claims at screening for "easily identifiable" procedural defects.  *See id*.  We recommend that the petition be dismissed as second or successive.

**Discussion**

"AEDPA places strict limitations on the ability of a petitioner held pursuant to a state judgment to file a second or successive federal petition for writ of habeas corpus."  *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)).  A claim presented in a "second or successive" petition under § 2254 that was presented in a prior petition "shall" be dismissed.  *See* 28 U.S.C. § 2244(b)(1); *Magwood v. Patterson*, 561 U.S. 320, 330 (2010).  A "claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by [a] new and different legal argument . . . [or] proved by different factual allegations.'"  *Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (as amended) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)).  However, a petitioner may file a second or successive petition in the district court if he first obtains an order from the Ninth Circuit Court of Appeals authorizing such a filing.  *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood*, 561 U.S. at 330-31; *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018).

Here, petitioner asks that his 2014 felony convictions be reclassified as misdemeanors under California's Propositions 47 and 57—sentencing and parole laws enacted after he was sentenced.  ECF No. 1 at 2.  Petitioner made a substantially similar claim in another habeas petition already pending in our court.  In *Dynes v. Clark*, No. 1:19-cv-01697-JLT, ECF No. 6 at 3 (E.D. Cal. Dec. 12, 2019), petitioner challenged his 2014 sentence as disproportionate, claiming that the state court erred when it failed to reduce his felony convictions to misdemeanors under Propositions 47 and 57.[2]  Because the "basic thrust or gravamen" of petitioner's claim is the same in both petitions, *Gulbrandson*, 738 F.3d at 997, petitioner must have permission from the Court

---

[2] Petitioner also sought relief on a substantially similar claim in our court in 2016.  *See Dynes v. Fresno County Superior Court*, No. 1:16-cv-01143-SAB-HC, ECF No. 1 at 6 (E.D. Cal. Sept. 19, 2016) (challenging California Court of Appeal's denial of his petition for resentencing under Proposition 47).  The petition was dismissed for failure to exhaust.

of Appeals to proceed with the instant petition. Petitioner has presented no evidence that he has obtained such authorization. Therefore, we recommend that the petition be dismissed.[3]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. See 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. See also Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the

---

[3] Moreover, because "federal habeas corpus relief does not lie for errors of state law," petitioner has failed to state a cognizable claim. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The court may consider a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). To state a cognizable sentencing error claim, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976); *see Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Where a petitioner's only claim is that a state court erred in its interpretation of state law, we are bound by the state court's ruling on the matter. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Here, petitioner makes no federal law claim—but rather challenges the state court's interpretation and application of California's Propositions 47 and 57.

denial of a constitutional right.  Thus, we recommend that the court not issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the court dismiss the petition, ECF No. 1, and decline to issue a certificate of appealability.  Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case.  Within thirty days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign a district judge to this case for the purpose of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 23, 2020                           _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 206.